E-FILED
Wednesday, 11 March, 2009  03:57:08 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAILROAD MAINTENANCE AND | ) | |
| INDUSTRIAL HEALTH AND | ) | |
| WELFARE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 08-3173 |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD J. LOVELACE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court hereby adopts, in part, Judge Cudmore's Report and Recommendation [d/e 6] dismissing this case for want of prosecution.

As explained in the R&R, Federal Rule of Civil Procedure 4(m) requires service upon a defendant within 120 days of the complaint's filing. Plaintiff was reminded of this rule in a text order and was warned of dismissal. Plaintiff filed a status report [d/e 5] and asked for an extension of time. Judge Cudmore granted this request in a text order but noted that it was a "FINAL EXTENSION." The text order required service by March

1, 2009.

Nevertheless, by March 4, 2009, there was no evidence in the record suggesting that service had been accomplished.  Recognizing this and noting a lack of further requests for extensions, Judge Cudmore filed a Report and Recommendation suggesting that this case be dismissed.

Plaintiff now objects to this R&R arguing (1) that they have a new lead on tracking down Lovelace and (2) that they have properly served Meranjil Landscaping Services, Inc.  The first claim lacks merit.  Plaintiff's "new discovery" is a telephone listing.  They have not explained why this was not previously available or, if not previously available, why they did not request an extension from Judge Cudmore.  Therefore, this Court agrees with Judge Cudmore that dismissal is necessary under Rule 4(m) and hereby adopts the R&R on this point.  To the extent that Plaintiff now seeks another extension, it is denied, as such a request should have been made prior to the R&R.

A more difficult question arises with respect to service upon Meranjil Landscaping Services, Inc.  At the time the R&R was issued, no evidence

showed service of process on Meranjil.  Plaintiff, however, now offers an affidavit showing service on the Secretary of State.  *See* 805 ILCS 5/5.25 (permitting service on Secretary of State in certain circumstances); Fed. R. Civ. P. 4(e)(1) (service on an individual under state law); Fed. R. Civ. P. 4(h)(1)(A) (permitting service on a corporation as permitted by Rule 4(e)(1)).  Although this information was not before Judge Cudmore, Rule 4(*l*) provides that "[f]ailure to prove service does not affect the validity of service."

Nevertheless, two issues remain.  The first is whether Meranjil Landscaping Services, Inc., is a separate defendant.  The docket shows only one defendant, and the Complaint itself is ambiguous on this point, as it potentially treats the corporation as merely an alter ego ("d/b/a", "f/k/a"), not a separate defendant.  Thus, plaintiff is directed to clear up this difficulty or, if Mernajil was not a separate defendant, explain why service was proper.  Such filing should be made within 10 days of this order.

Second, the Court is unable to determine precisely when service was effectuated or, more precisely, whether it was completed prior to the March

1 deadline.  Based upon the signature at the bottom of the affidavit, the brief states that service occurred on February 19, 2009.  However, a plaintiff's attorney's signature on a document is not service and does not establish when service was actually accomplished.  Further, the affidavit itself suggests a later service date, as its filing date is March 3, 2009.  Therefore, this Court finds the evidence inconclusive as to whether service was effectuated prior to the March 1 deadline.  The Court will grant Plaintiff 10 days from entry of this order to file further proof (e.g., an affidavit) explaining or showing the method and date of service.

Ergo, the R&R [d/e 6] is ADOPTED IN PART and the suit against Lovelace is accordingly DISMISSED for want of prosecution.  Regarding Meranjil Landscaping Services, Inc., the Court defers its judgment and will permit Plaintiff to file additional evidence.

IT IS SO ORDERED.

ENTERED:                                    March 10, 2009

FOR THE COURT:                    /s Judge Richard Mills
                                                    United States District Judge

4